IBEW LOCAL 494, *et al.*,

        Plaintiffs,

v.                              Case No. 18-cv-1849-pp

COATES ELECTRIC LLC,
and BRODY COATES,

        Defendants.

---

**ORDER ADMINISTRATIVELY CLOSING CASE AGAINST BRODY COATES, GRANTING PLAINTIFFS' MOTION TO SUBSTITUTE PARTY (DKT. NO. 43), GRANTING PLAINTIFFS' AMENDED MOTION FOR COLLECTIVE CERTIFICATION (DKT. NO. 40) AND DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (DKT. NO. 38).**

---

On November 26, 2018, the plaintiffs filed a complaint seeking to recover unpaid wages from the defendants under the Fair Labor Standards Act, 29 U.S.C. §206, an arbitration award and Wisconsin wage collection laws, Wis. Stat. §109.03(1), (5). Dkt. No. 1. The defendants have not responded. The plaintiffs brought their claims as a collective action and have moved for final certification under 29 U.S.C. §216(b) without separate conditional certification, dkt. no. 40, and for default judgment on all claims, dkt. no. 38. The plaintiffs also have filed a motion to substitute a party. Dkt. No. 43.

**I.    Background**

The individual named plaintiffs were employed by defendant Coates Electric, LLC in October and/or November of 2018. Dkt. No. 1 at ¶6. Defendant Brody Coates is the owner, principal officer in charge of and registered agent of Coates Electric. Id. at ¶9.

1

The plaintiffs allege that some employees received paychecks that bounced, others received paychecks but were instructed not to cash them and others didn't receive paychecks at all. Id. at ¶16. They also allege that some employees weren't paid their contractually required wages under the "Inside Wiremen Agreement" ("the agreement") which governs Milwaukee's electrical industry. Id. at ¶¶10, 17. The plaintiffs allege that IBEW initiated a grievance process against Coates Electric and Brody under the agreement. Id. at ¶¶14-15, 22. According to the plaintiffs, on November 7, 2018, the "Labor Management Committee" issued an arbitration award against Coates Electric for violating the agreement. Id. at ¶23. They say that in issuing the award, the Committee ordered defendant Coates Electric to make employees whole for the contractually required straight and overtime wages (including bank fees incurred from unpaid or late-paid wages), affirmed the contract penalty of eight hours of straight time wages per twenty-four hours of delay for untimely payment of current week's wages and imposed a penalty of 20% of the contractual penalty for pay offs for other untimely wage payments. Id.; see also Dkt. No. 12-2 ("Grievance Hearing Fact Sheet" and resulting arbitration award).

The plaintiffs pled their case "in two components: A claim for minimum wages and overtime pay pursuant to the Fair Labor Standards Act and Wisconsin wage payment laws; and a claim to enforce an arbitration award to recover contractually required straight time wages, overtime pay, and penalties in addition to those provided by federal and state wage laws." Dkt. No. 1 at ¶1. Those two components break down into three claims.

First, the plaintiffs brought a collection action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* ("FLSA"), to recover the unpaid minimum wages and overtime as well as liquidated damages. Id. at

2

¶¶25-33. This claim applies only to the named plaintiffs and is part of the first component. Second, the plaintiffs brought a claim under Wisconsin wage collection laws for the unpaid minimum wages and overtime as well as liquidated damages. Id. at ¶¶40-44. This claim also applies only to the named plaintiffs and is part of the first component. Third, the plaintiffs brought a claim to enforce IBEW's arbitration award under the agreement. Id. at ¶¶34–39. This claim applies only to IBEW and is the second component.

The case originally was assigned to Magistrate Judge Nancy Joseph. The plaintiffs filed affidavits stating that they served Brody Coates and Coates Electric on December 13, 2018. Dkt. Nos. 3, 4. The defendants had twenty-one days to respond, see Fed. R. Civ. P. 12(a)(1)(A), but have not done so, nor have they filed appearances.

On January 14, 2019, the plaintiffs filed a request for entry of default and a Local Rule 7(h) Expedited Non-Dispositive Motion to Conduct Discovery to discover other prospective members of the FLSA class. Dkt. Nos. 7, 9. The Clerk of Court entered default the same day. On January 15, 2019, by text only order, Judge Joseph granted the motion to conduct discovery. The plaintiffs assert that the defendants never responded to their discovery requests. Dkt. No. 13 at ¶¶2–3; Dkt. No. 40 at ¶3.

On March 20, 2019, each of the named plaintiffs filed a declaration. Dkt. Nos. 12, 14-35. The plaintiffs also filed a motion to certify class. Dkt. No. 36. Six days later, on March 26, 2019, the plaintiffs filed an amended motion for default judgment, dkt. no. 38, and an amended motion to certify class, dkt. no. 40. The purpose of the amended motions was to include additional plaintiffs. See Dkt. No. 38 at 1; Dkt. No. 40 at ¶1. The amended motions superseded the original motion for default judgment and motion to certify class. Although

3

several of the plaintiffs have changed since the start of the litigation, no new plaintiffs have been added and no plaintiffs have been removed since May 14, 2020 when the plaintiffs filed a motion to substitute party based on the death of a plaintiff. See Dkt. No. 43.

On September 18, 2019, defendant Brody Coates filed for Chapter 7 bankruptcy relief. In re Coates, 19-29067-kmp (Bankr. E.D. Wis.). The filing of the Chapter 7 petition automatically stayed all activity in this case as to individual defendant Brody Coates. Dkt. No. 44 at 2 (citing 11 U.S.C. §362(a)(1)). On December 20, 2019, the individual plaintiffs in the district court case (as well as a few other individuals) filed an adversary proceeding, Adv. Case No. 19-2210, asking the bankruptcy court to except from Coates's discharge the debts they allege he owes them; as far as the court can tell, that debt is comprised of some of the sums the plaintiffs seek to recover in this district court litigation. The adversary case is still pending.

On May 14, 2020, the court ordered the plaintiffs to show cause why the court should not administratively close this case until resolution of the adversary proceedings. Dkt. No. 44. The plaintiffs responded that they are "entitled to and may be able to benefit significantly from obtaining a judgment against Coates Electric, LLC as soon as possible," even if "Brody Coates' FLSA liability to the Plaintiffs is dischargeable." Dkt. No. 45 at 2-3. While they accept that the question of what debt Brody Coates may owe them "will be resolved in the bankruptcy adversary proceeding," the plaintiffs see avenues to pursue garnishes from Coates Electric or otherwise recover money owed. Id. at 2-3. The plaintiffs further argue that they will be prejudiced by delaying the proceedings against Coates Electric, because witnesses with knowledge of Coates Electric's liabilities to general contractors will lose their effectiveness.

4

Id. at 3-4 (citing E.E.O.C. v. CW Transp., Inc., 658 F. Supp. 1278, 1287 (W.D. Wis. 1987)).

## II.   Administrative Closure as to Brody Coates

This case may not proceed against Brody Coates; the parties have briefed summary judgment in the adversary proceeding and until it is resolved, the automatic stay prevents further litigation in this court. The court will administratively close the case as to Brody Coates as is required by 11 U.S.C. §362 pending the termination of his adversary bankruptcy proceedings in In re Coates, 19-2210-kmp (Bankr. E.D. Wis.).

If the bankruptcy court determines that Brody Coates's debt to the plaintiffs is not subject to discharge, the plaintiffs may file a motion to reopen within thirty (30) days of the date the bankruptcy court ruling becomes final. No fee will be required and the plaintiffs' filing date will be preserved.

## III.   Motion to Substitute Party (Dkt. No. 43)

On May 14, 2020, the plaintiffs filed a motion to substitute party under Fed. R. Civ. P. 25. Dkt. No. 43. The plaintiffs reported that plaintiff Daniel Anderson died on April 4, 2020. Id. at 1; Dkt. No. 43-1. The plaintiffs seek to substitute Mr. Anderson's mother and heir, Paula M. Kalka-English. Dkt. No. 43 at 1.

Federal Rule of Civil Procedure 25(a)(1) states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

5

The plaintiffs filed their motion forty days after Danial Anderson passed away. There is also no indication the claim is extinguished. The defendants have not responded to the motion. The court will grant the motion to substitute party.

### IV. Class Certification (Dkt. No. 40)

The plaintiffs have filed an amended motion for FLSA class certification. Dkt. No. 40. They brought this motion "to allow three individuals who are not currently named as Named Plaintiffs in the complaint . . . to recover damages under the FLSA as a part of the Plaintiffs' motion for default judgment and damages." Id. at ¶1. For the purpose of this motion, the plaintiffs seek only to certify a collective action under the FLSA and not to certify a Rule 23 class. They ask the court to skip a step in the collective action certification analysis in order to obtain a quick default judgment. Id. at ¶2. The plaintiffs contend that this procedure is appropriate because "all of the available evidence for determining liability and damages is already before the Court." Dkt. No. 40 at ¶4.

The Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq.*, requires employers to pay certain employees a federally defined minimum wage and overtime wages. §§206, 207. "For enforcement, the Act allows employees to sue their employer for damages and to bring the action on behalf of themselves and other 'similarly situated' employees, *id.* § 216(b), who may join the so-called 'collective action.'" Bigger v. Facebook, Inc., 947 F.3d 1043, 1046 (7th Cir. 2020). "Unlike a typical class action suit under Federal Rule of Civil Procedure 23, in which unwilling plaintiffs must 'opt out' of the class, a collective action under Section 216(b) of the FLSA requires employees or former employees to 'opt in' to the class by providing written consent to join the collective action." Meetz v. Wis. Hosp. Grp. LLC, No. 16-C-1313, 2017 WL

3736776, at *2 (E.D. Wis. Aug. 29, 2017) (citing Woods v. N.Y. Life Ins. Co., 686 F.2d 578, 579–80 (7th Cir. 1982) (discussing differences between Rule 23 class action and FLSA collective action)).

Most courts in this circuit follow a two-step process to determine whether an FLSA lawsuit should proceed as a collective action. See e.g., Blakes v. Ill. Bell Tel. Co., 2013 WL 6662831, at *4 (N.D. Ill. Dec. 17, 2013); Brabazon v. Aurora Health Care, Inc., No. 10-CV-714, 2011 WL 1131097, at *2 (E.D. Wis. Mar. 28, 2011); Bunyan v. Spectrum Brands, Inc., No. 07-CV-0089-MJR, 2008 WL 2959932, at *4 (S.D. Ill. July 31, 2008); Austin v. CUNA Mut. Ins. Soc., 232 F.R.D. 601, 605 (W.D. Wis. 2006). At step one, the court makes a conditional certification; at step two, the court makes a final certification. Blakes, 2013 WL 6662831, at *4 ("District courts typically follow a two-step process . . . involving conditional certification of a class pre-discovery followed by a second look at whether collective treatment is appropriate after the parties have engaged in discovery.").

This court previously has permitted one-step certification of a collective action under the FLSA and a class action under Fed. R. Civ. P. 23. See Benoskie v. Kerry Foods, Inc., No. 19-cv-684, 2020 WL 5769488 (E.D. Wis. Sept. 28, 2020). In Benoskie, the court was persuaded by reasoning in similar cases in the Northern District of Illinois finding that the opt-in requirement of collective actions under 29 U.S.C. §216(b) does not implicate due process issues such as those in a Rule 23 class. Id. at *2 (citing Briggs v. PNC Fin. Serv. Grp., No. 15-cv-10447, 2016 WL 7018566, at *1 (N.D. Ill. Nov. 29, 2016)). The collective action certification process permits individuals who previously failed to op-in to an FLSA lawsuit to bring their own suits in the future,

7

ensuring those individuals are not deprived of an opportunity to seek personal recourse. See Briggs, 2016 WL 7018566, at *1.

The plaintiffs here have addressed why they believe a one-step certification process is fitting to their circumstances. The defendants have not responded since the complaint was filed in November 2018. This failure to respond or participate includes failure to respond to the plaintiffs' discovery requests. Dkt. No. 40 at ¶3. There is nothing to be gained by requiring the full two-step process and no disadvantage in permitting one-step certification.

The plaintiffs alleged that the defendant didn't pay them the legally required minimum wage and overtime during and after October 2018. Dkt. No. 1 at ¶25. In support, they submitted declarations from all twenty-one named plaintiffs and all three opt-in plaintiffs, each of whom declares under penalty of perjury that they either weren't paid or were paid late during the relevant period. Dkt. Nos. 14–35, 41. While the specifics of each declaration vary, all the plaintiffs state that they weren't paid what they were owed. This is enough to pass the threshold for conditional certification. The court has concerns about the posture of the plaintiffs' class, because the plaintiffs did not give a definition for the collective in the actual motion for certification. See Dkt. No. 40. They did, however, define it in the complaint as "all other similarly situated employees employed by the Defendants who did not receive the legally required minimum wage and overtime pay during the time period on or after October of 2018." Dkt. No. 1 at ¶25. The court will treat this as the definition of the collective.[1]

---

[1] The plaintiffs' counsel also alleged that "each of the named and prospective opt-in plaintiffs were laid off." Dkt. No. 13 at ¶6. The court assumes that this fact is not part of the definition of the collective and is simply information about the plaintiffs.

The court will grant the plaintiffs' amended motion for FLSA class certification. The court will order the plaintiffs to file a proposed notice to be sent to as many members of the proposed class as can be found. The plaintiffs must file this proposed notice by the end of the day on **April 7, 2021**.

**V.    Amended Motion for Default Judgment (Dkt. No. 38)**

Because the court has administratively closed the district court case against Brody Coates until resolution of his bankruptcy proceedings, the court denies without prejudice the plaintiffs' motion for default judgment as to Brody Coates. The following analysis applies only to the motion for default judgment as to Coates Electric.

    A.    Entry of Default

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the court must assure itself that the defendant was aware of the suit and still did not respond.

Under Federal Rule of Civil Procedure 4(h), plaintiffs may serve a corporate defendant "in the manner prescribed by Rule 4(e)(1)." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) allows the plaintiffs to serve an individual using the methods allowed by state law in the state where the federal district is located. Fed. R. Civ. P. 4(e)(1).

Usually, Wisconsin requires plaintiffs to personally serve an officer, director or managing agent of a corporate defendant. Wis. Stat. § 801.11(5)(a). The plaintiffs filed a signed affidavit of personal service stating that a "Summons in a Civil Action and Complaint" was served on Coates Electric through "Brody Coates, Registered Agent" at N65W27528 Main Street, Sussex,

Wisconsin 53089 on December 13, 2018. Dkt. no. 4 at 1. The website for the Wisconsin Department of Financial Institutions shows that Brody Coates has been the registered agent for the Coates Electric since at least July 24, 2018 and confirms the address. https://www.wdfi.org/apps/corpsearch/Details.aspx?entityID=C074741&hash=117042779&searchFunctionID=ee703f39-f8ee-4127-b3e2-e14a0aee2878&type=Simple&q=Coates+Electric. The court finds that service was proper under Fed. R. Civ. P. 4(e)(1) and Wis. Stat. §801.11(5)(a).

B.  Default Judgment Standard

After the entry of default, the plaintiffs may move for default judgment under Rule 55(b). Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are unnecessary, however, if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement

Co. v. Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)).

C. Liability

The plaintiffs claim they are owed a combined judgment of $528,639.35 from Coates Electric. Dkt. No. 38. They allege that this amount is the sum of the wages owed that Coates Electric "either failed to or failed to timely pay to the Plaintiffs." Dkt. No. 39 at 1. The plaintiffs assert that these wages were owed as minimum wage and overtime wages for unpaid hours worked, and that they are entitled to liquidated damages for untimely paid and unpaid hours worked. Id.

To calculate actual damages, the plaintiffs sought to conduct discovery. After Magistrate Judge Joseph granted the plaintiffs' motion for discovery, the plaintiffs sent discovery requests and interrogatories to the defendants asking for specific information about the plaintiffs' hours and payments. Dkt. No. 39 at 8 (citing dkt. no. 13-1). The plaintiffs assert that the defendants never responded, rendering the plaintiffs incapable of calculating and proving exact damages. Id. The plaintiffs seek to prove damages "as a matter of just and fair inference." Id. (citing Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 688 (1945), *superseded by statute on other grounds as stated in* IBP, Inc. v. Alvarez, 546 U.S. 21, 41 (2005)). The plaintiffs' attorney provided the court with a

damages calculation in the form of a chart. Dkt. No. 13-2. A condensed and partially updated version of the chart appears below:

| Name | Wage Total | Total Penalty | Personal Liabilities | Bank Fees |
|---|---|---|---|---|
| Tim McPhail | $ 1,179.30 | $ 33,334.88 | $ 406.00 | |
| Nick Gehring | $ - | $ 13,490.88 | $ 290.00 | $ 30.00 |
| Douglas Carter | $ 1,257.92 | $ 2,452.94 | $ 464.00 | |
| James Gaertner | $ - | $ 568.23 | $ 543.75 | |
| Terrance Faust | $ - | $ 12,264.72 | $ 232.00 | |
| James Wilkinson | $ 2,390.60 | $ 45,282.34 | $ 384.25 | $ 36.00 |
| Terese Jesinski | $ - | $ 546.48 | $ 522.00 | |
| Pete Kohl | $ - | $ 546.48 | $ 464.00 | |
| Don Starzman | $ 1,572.40 | $ 38,429.46 | $ 580.00 | $ 24.00 |
| Erik Jacobi | $ 628.96 | $ 32,328.54 | $ 522.00 | $ 12.00 |
| Cal Falkenberg | $ 628.96 | $ 32,328.54 | $ 522.00 | |
| Chad Stewart | $ 235.86 | $ 31,762.48 | $ 87.00 | |
| Bruce Howard | $ 1,454.47 | $ 30,441.66 | $ 826.50 | $ 30.00 |
| Glen Savage | $ 3,813.07 | $ 41,008.19 | $ 12,728.53 | $ 12.00 |
| Joseph Gehring | $ - | $ 6,243.12 | $ 350.00 | $ 30.00 |
| Ty Jeranek | $ 1,394.00 | $ 17,036.15 | $ 1,442.75 | $ 35.00 |
| Paula M. Kalka-English | $ 1,395.51 | $ 30,480.08 | $ 804.75 | $ 180.00 |
| Michael Helt | $ 628.96 | $ 32,870.13 | $ 972.95 | $ 12.00 |
| Jeff Roblee | $ 1,572.40 | $ 30,693.25 | $ 972.95 | |
| Ben Fischer | $ - | $ 1,593.07 | $ 1,158.01 | $ 24.00 |
| Samuel Uttech | $ - | $ 461.76 | $ 290.00 | |
| Robert Kaschak | $ 3,616.80 | $ 39,784.80 | $ 290.00 | |
| Walter Thornton | $ 1,132.76 | $ 15,861.46 | $ 1,138.25 | $ 60.00 |
| | $22,901.97 | $489,809.64 | $ 25,991.69 | $ 485.00 |

The total amount owed according to the chart—the sum of the amounts in the final row—is $539,188.30. This is greater than the $528,639.35 the plaintiffs assert that Coates Electric owes.[2]

Further complicating matters is the fact that after filing for default judgment, the plaintiffs filed a notice of consent to join an additional plaintiff,

---

[2] The court recognizes that the plaintiffs filed their motion prior to the administrative closure of the case against Brody Coates; the sum reflected in the chart may include the amount owed by both defendants. Even then, the total does not match the total amount the plaintiffs requested in the motion for default judgment.

12

Justin Beatovic. Dkt. No. 42. The plaintiffs also filed a declaration by Beatovic. Dkt. No. 41. The declaration stated Beatovic's hourly wage and the number of hours worked for which he was either paid late or not at all. Id. at 1. Neither the motion nor the affidavit state the total amount owed to Beatovic; in particular, neither the motion nor the affidavit "do the math" for a total amount of wages owed and neither incorporates the penalties, personal liabilities and bank fees included for other plaintiffs.

Another wrinkle—some of the pleadings indicate that IBEW 494 is entitled to an arbitration award, but there is no indication of whether IBEW is owed anything over and above the amounts owed to the individual plaintiffs. The declaration by John Jacobs, the Assistant Business Manager for IBEW Local 494, did not state any sum certain owed. Dkt. No. 12. The declaration only refers to a Labor-Management Committee meeting, without any further discussion of what was owed. Id. at 2; Dkt. No. 12-2.

Finally, the class certification process has not yet been resolved.

These issues prevent the court from determining the sum certain owed by Coates Electric. The court will deny without prejudice the plaintiffs' motion for default judgment. The plaintiffs may file an amened motion providing all of the required information to enable the court to determine the amount owed.

## VI. Conclusion

The court **ADMINISTRATIVELY CLOSES** the case as to defendant Brody Coates. If the bankruptcy court determines that Brody Coates's debt to the plaintiffs is not subject to discharge, the plaintiffs may file a motion to reopen within thirty (30) days of the date the bankruptcy court ruling becomes final. No fee will be required and the plaintiffs' filing date will be preserved.

The court **GRANTS** the plaintiffs' motion to substitute party. Dkt. No. 43. The court **ORDERS** that Paula M. Kalka-English is **SUBSTITUTED** for plaintiff Daniel Anderson and **DIRECTS** the Clerk of Court to update the docket accordingly.

The court **CONSTRUES** the plaintiffs' amended motion to certify class as a motion for conditional certification and **GRANTS** the plaintiffs' amended motion to conditionally certify an FLSA collective consisting of all people employed by the Defendants who did not receive the legally required minimum wage and overtime pay during the time period on or after October of 2018. Dkt. No. 40.

The court **ORDERS** the plaintiffs to file a proposed notice to be sent to prospective members of the collective by the end of the day on **April 7, 2021**.

The court **DENIES WITHOUT PREJUDICE** the plaintiffs' motion for default judgment. Dkt. No. 38.

Dated in Milwaukee, Wisconsin this 22nd day of March, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**