UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IBEW LOCAL 494, *et al.*,

        Plaintiffs,

v.                                Case No. 18-cv-1849-pp

COATES ELECTRIC LLC,
and BRODY COATES,

        Defendants.

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (DKT. NO. 49) AND DISMISSING DEFENDANT COATES ELECTRIC LLC**

On November 26, 2018, the plaintiffs filed a complaint seeking to recover unpaid wages from the defendants under the Fair Labor Standards Act, 29 U.S.C. §206, an arbitration award, and Wisconsin wage collection laws, Wis. Stat. §109.03(1), (5). Dkt. No. 1. The defendants have not answered.

On March 22, 2021, the court administratively closed the case against Brody Coates pending the conclusion of his bankruptcy proceeding. Dkt. No. 47. In that same order, the court conditionally certified a FLSA class but denied the plaintiffs' motion for default judgment. Id. at 9, 13. The plaintiffs now have filed a renewed motion for default judgment. Dkt. No. 50.

The court previously found that service was proper under Fed. R. Civ. P. 4(e)(1) and Wis. Stat. §§801.11(5)(a). Dkt. No. 47. The question is whether the plaintiffs have satisfied the default judgment standard.

1

## I. Motion for Default Judgment

### A. Standard

After the entry of default, the plaintiffs may move for default judgment under rule 55(b). Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are unnecessary, however, if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)).

### B. Liability

The court denied the first motion for default judgment for several reasons. First, the court explained that while the plaintiffs had asked for a damages

award of $528,639.35, the chart they had provided detailing how they reached that amount did not add up to that number. Dkt. No. 47 at 11-12. Second, the court observed that after the plaintiffs had filed the motion for default judgment, they filed a notice of consent to add a plaintiff but did not indicate how much that new plaintiff was owed. Id. at 12-13. Third, the court noted that some of the pleadings indicated that IBEW 494 was entitled to an arbitration award, but the court could not determine whether the plaintiffs' damages calculations included that award, or the amount of the award. Id. at 13. Finally, the court pointed out that the class certification process had not been resolved. Id.

The plaintiffs since have filed several documents explaining the circumstances of the class. See Dkt. Nos. 48, 52. The brief in support of the renewed motion for default judgment also adds additional details on the amount of damages the plaintiffs seek. Dkt. No. 50.

As to the class certification process, the plaintiffs explain that each member of the putative class (twenty-four, total) has consented. Dkt. No. 48 at ¶2. They assert that "[p]laintiffs know of only 24 individuals who were harmed by Coates Electric's failure and/or untimely payment of wages in October and November of 2018 as alleged in the operative complaint." Id. The plaintiffs assure the court that all twenty-four of those individuals have filed FLSA consent forms. Id. They assert that no further notice is required because there are no other potential class members to whom to send such a notice. Id. at ¶¶1, 4. The court agrees and vacates the portion of its March 22, 2021 order

that required the plaintiffs to file a proposed notice by the end of the day on April 7, 2021. (Dkt. No. 47 at 14).

As for the addition of the plaintiff Justin Beatovic after the plaintiffs had filed their original motion for default judgment, the documents attached to counsel's affidavit in support of the second motion for default judgment include him the calculation of damages. Dkt. Nos. 52-1, 52-2. Regarding the arbitration award, the plaintiffs have clarified that "[b]ecause the arbitration award did not award to Local 494 anything other than back wages, bank fees, and late payment penalties, Local 494 is not seeking any relief other than the payments to the workers sought by the Plaintiffs' motion." Dkt. No. 50 at 2.

Next, as to the sum certain, the plaintiffs assert that they are "entitled to recover, pursuant to the Committee's award, back wages, bank fees, and late-payment penalties." Dkt. No. 50 at 1. The plaintiffs allege that the defendant owes them $526,808.67. Dkt. No. 49. This sum is based on the calculation of the Labor-Management Committee as to money owed by the defendant for failing to pay timely wages as they were bound to under the "Inside Wiremen Agreement." See dkt. no. 1 at ¶¶10, 11. Specifically, the plaintiffs allege that the defendant failed to pay wages during October and November 2018 either by "not issuing a paycheck at all to its employees, by issuing paychecks to its employees and then instructing them not to cash them, or by issuing to its employees paychecks that it had insufficient funds in its designated bank accounts to pay for." Id. at ¶16. They also allege that the defendant either paid employees less than they were entitled to earn under the Inside Wiremen

4

Agreement, paid wages after the deadlines imposed by the agreement or failed to pay wages owed on the day some plaintiffs were laid off, as was required under the agreement. Id. at ¶¶17-18. On these theories, the plaintiffs filed a grievance against the defendant with the Labor Management Committee. Id. at ¶22. The Committee issued an arbitration award on November 7, 2018 finding the defendant had "violated the Inside Wiremen Agreement by failing to timely pay contractually required wages to the Plaintiffs and other covered employees." Id. at ¶23. The Committee's award ordered the defendants:

> to make all employees whole for their contractually required straight time and overtime wages including bank fees that resulted from failure or late payment of wages, affirmed the contractual penalty of 8 hours of straight time wages per 24 hours of delay for untimely payment of current week's wages for laid off and discharged employees; and imposed a penalty equal to 20% of the contractual penalty for late pay offs for Coates Electric's other failure to timely pay wages to its employees.

Id. The specific damages requested of this court are in line with the arbitration award. The plaintiffs assert:

> the Committee's award granted four types of relief to Local 494 on behalf of its members employed by Coates Electric. First, Coates Electric was ordered to pay all wages owed to its employees. (Docket #12-2, pg. 2) Second, Coates Electric was ordered to, as explicitly authorized by Section 6.05C of the CBA, pay to its employees damages equal to 8 hours of pay for each day of delay in payment of the employees' final paychecks following layoff excluding Saturdays, Sundays, and Holidays. (Id, pg. 3; docket #12-1, pg. 20) Third, Coates Electric was ordered to pay damages equal to 20% of Section 6.05C damages for any delays in paying wages other than final paychecks following layoff. (Docket #12-2, pg. 3) Fourth, Coates Electric was ordered to pay all bank charges that its employees incurred as a result of bounced checks, failure to make wage payments, and untimely wage payments. (Id.).

5

Dkt. No. 50 at 3. The defendants never complied with the Committee's decision. Dkt. No. 1 at ¶24. The plaintiffs sued in this court for damages.

The plaintiffs attempted to calculate actual damages through discovery. After Magistrate Judge Joseph granted the plaintiffs' motion for discovery, the plaintiffs sent the defendants discovery requests and interrogatories asking for specific information on the plaintiffs' hours and payments. Dkt. No. 50 at 7 (citing dkt. no. 13-1). The plaintiffs assert that the defendants never responded, rendering the plaintiffs incapable of calculating and proving exact damages. Id. Thus, the plaintiffs seek to prove damages "as a matter of just and fair inference." Id. at 7-8 (citing Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 688 (1945), superseded by statute on other grounds as stated in IBP, Inc. v. Alvarez, 546 U.S. 21, 41 (2005)). Each plaintiff has since filed a declaration in support of default judgment listing their wage rate for the relevant period as well as their uncompensated or late-paid hours worked and any bank fees. Dkt. Nos. 14 through 35, 41, 51.

The plaintiffs claim that under the Committee's award, they are entitled to back wages, bank fees and late-payment penalties. Each plaintiff's declaration states what wages were unpaid or paid late, as well as any accrued bank fees. See id. As to late-payment penalties, the plaintiffs assert that they are entitled to "8 hours of pay for each non-holiday weekday that the payment is late if the payment is the employee's final paycheck, but only 20% of 8 hours of pay for each non-holiday weekday that the payment is late if the payment is not the employee's final paycheck." Dkt. No. 50 at 1. Where late payments

6

owed under FLSA are greater than those calculated by the Committee, the plaintiffs seek the FLSA liquidated damages over those designated by the Committee. Id. at 1-2. Additionally, plaintiff Local 494 "is not seeking any relief other than the payments to the workers sought by the Plaintiff's motion." Id.

The plaintiffs provided a spreadsheet listing the individual amounts owed to each plaintiff for back wages, bank fees and penalties. Dkt. No. 52-2. The court has recreated the information in chart form; it shows how the plaintiffs reached the total sum they request:

| Name | Total Wages | Total Penalty | Bank Fees | Grand Total |
|---|---|---|---|---|
| Tim McPhail | $1,179.30 | $33,334.88 | | $34,514.18 |
| Nick Gehring | $0.00 | $13,490.88 | $30.00 | $13,520.88 |
| Doug Carter | $1,257.92 | $2,452.94 | | $3,710.86 |
| Jim Gaertner | $0.00 | $253.75 | | $253.75 |
| Terrance Faust | $0.00 | $12,264.72 | | $12,264.72 |
| Jim Wilkinson | $2,390.60 | $44,197.30 | $36.00 | $46,623.90 |
| Terese Jesinski | $0.00 | $232.00 | | $232.00 |
| Pete Kohl | $0.00 | $232.00 | | $232.00 |
| Don Starzman | $1,572.40 | $38,429.46 | $24.00 | $40,025.86 |
| Erik Jacobi | $628.96 | $32,328.54 | $12.00 | $32,969.50 |
| Cal Falkenberg | $628.96 | $32,328.54 | | $32,957.50 |
| Chad Stewart | $235.86 | $31,762.48 | | $31,998.34 |
| Bruce Howard | $1,454.47 | $30,441.66 | $30.00 | $31,926.13 |
| Glen Savage | $3,813.07 | $41,008.19 | $12.00 | $44,833.26 |
| Joe Gehring | $0.00 | $6,243.12 | $30.00 | $6,273.12 |
| Ty Jeranek | $1,394.00 | $17,036.15 | $35.00 | $18,465.15 |
| Paula M. Kalka-English[1] | $1,395.51 | $30,480.08 | $180.00 | $32,055.59 |
| Michael Helt | $628.96 | $32,870.13 | $12.00 | $33,511.09 |
| Jeff Roblee | $1,572.40 | $30,693.25 | | $32,265.65 |
| Ben Fischer | $0.00 | $1,593.07 | $24.00 | $1,617.07 |

---

[1] The original plaintiff, Danial Anderson, died on April 4, 2020; the parties agreed that his mother and heir, Paula M. Kalka-English, should be substituted as the named plaintiff. Dkt. No. 43.

| Sam Utech | $0.00 | $461.76 | | $461.76 |
|---|---|---|---|---|
| Bob Kashak | $3,616.80 | $39,784.80 | | $43,401.60 |
| Walter Thornton | $1,132.76 | $15,861.46 | $60.00 | $17,054.21 |
| Justin Beatovic | $1,139.97 | $14,500.58 | | $15,640.55 |
| | | **Grand Total** | | $526,808.67 |

Because the plaintiffs have been unable to engage in discovery and the defendant has been served but has not disputed any of the facts or the amounts the plaintiffs claim, the court will grant the plaintiffs' motion for default judgment. The court finds that defendant Coates Electric, LLC is liable to the plaintiffs for $526,808.67, will issue judgment accordingly and will dismiss Coates Electric, LLC from the case. The case will remain administratively closed as to defendant Brody Coates.

III. **CONCLUSION**

The court **GRANTS** the plaintiffs' motion for default judgment. Dkt. No. 49.

The court **ORDERS** that the clerk must enter default judgment in favor of the plaintiffs and against defendant Coates Electric LLC in the amount of $526,808.67.

The court **ORDERS** that defendant Coates Electric LLC is **DISMISSED** from the case.

Dated in Milwaukee, Wisconsin this 2nd day of July, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**